Filed Feb. 19, 1891.

———◆———

No. 14,732.

KEMPSHALL v. EAST ET AL.

PLEADING.—Action on Bond.—Breach of Warranty.—Cross-Complaint—In an action on the bond of an insurance agent, a cross-complaint, based on a breach of contract, which alleges that the company sold to the agent renewals warranted to be worth a certain sum; that they were afterwards ascertained to be worth a much less sum, whereupon the contract was cancelled and the notes given in consideration for the renewals surrendered, does not state a cause of action, as the complainant is not shown to have been injured by the breach of the warranty.

SAME.—Answer.—Release of Bond.—An answer by the sureties on such

bond alleging that the obligee agreed to cancel the bond on the compliance by the principal with certain stipulations, without alleging a compliance or an offer of compliance, is bad.

From the Lawrence Circuit Court.

*J. H. Louden* and *W. P. Rogers,* for appellant.

*R. W. Miers* and *H. C. Duncan,* for appellees.

OLDS, C. J.—This action was brought by the appellant against the appellees to recover on a bond executed by the appellee John R. East, as principal, and the other appellees as sureties. The action was commenced in the Monroe Circuit Court, and a change of venue taken and the cause transferred to the Lawrence Circuit Court.

There was a trial resulting in a verdict and judgment in favor of the appellant against the appellee John R. East for $32, and in favor of the other appellees.

Appellant made a motion for a new trial, which was overruled and exceptions taken, and the ruling is assigned as error. There are other errors assigned.

On the 5th day of February, 1887, the appellant appointed the appellee John R. East general agent of the Ætna Life Insurance Company for the southern part of Indiana, and said appellant and East entered into a written contract in regard to the business, and as a security for the performance of his duties as such agent, under said contract, appellee East executed the bond in suit for $5,000, with the other appellees as sureties. This suit is brought upon the bond, alleging a failure on the part of appellees to pay over money collected.

The first error assigned and discussed is the ruling of the court in overruling appellant's demurrer to the first paragraph of the cross-complaint of the appellee John R. East. In this paragraph of cross-complaint, it is averred by said East that on the 15th day of July, 1886, the appellant employed the appellees John R. East and William H. East as a

firm by the name and style of East & East, as general agents of
the Ætna Life Insurance Company for the southern part of
the State of Indiana, and on said day sold to said firm the re-
newals of said office, amounting, as then represented, to the
sum of $23,000, for and in consideration of the sum of
$2,000, and took the notes of said firm for said sum, paya-
ble in one year from the date thereof; that said firm of East
& East took charge of said agency under said contract, with
the further agreement that said East & East were to retain
of the commissions, on renewals, five per cent. thereon, and
send the plaintiff two per cent. of the same, the company
allowing an entire commission of seven per cent. on said re-
newals; that on the 5th day of February, 1887, it was as-
certained that said renewals did not amount to said sum for
which they were sold, but that they amounted to the sum of
$14,000 only, whereupon the said plaintiff and said firm
agreed that the said notes should be surrendered, the con-
tract cancelled and that the said William H. East should re-
tire from said firm and the business should be continued by
the appellee John R. East, who, by further agreement of
all the parties, was to assume the liabilities of the said firm
of East & East, and be entitled to all claims which said
William H. might have against said plaintiff. There is a
further averment, as follows: "That at the time of the sale
of said renewals to the said firm of East & East, the said
plaintiff agreed and warranted said renewals to amount to
sum of $23,000, and that relying upon said warranty said
firm purchased said renewals and not otherwise; that by
reason of the premises the plaintiff sustained damages in the
sum of $1,000. Wherefore defendant demands judgment
for the sum of $1,000 against the plaintiff, and all proper
relief."

The paragraph is bad. It alleges a sale of the renewals
by which East & East were to retain five per cent. commis-
sion on the renewals, and were appointed the general agents
of the company, for which said East & East executed their

Kempshall *v.* East *et al.*

notes, payable in one year, for $2,000, and that appellant warranted the renewals to amount to $23,000; that it was ascertained that the renewals only amounted to $14,000, and they rescinded the contract, and appellant surrendered the notes for $2,000, and a new contract was entered into, by which appellee John R. East became the sole agent.

The only averments which can be construed to allege a breach of any contract relate to a breach of the warranty as to the renewals amounting to $23,000. Subsequently another contract was made, rescinding that contract, and containing an agreement to surrender the notes for $2,000, which is the only consideration given for the renewals.

This paragraph of cross-complaint does not state any cause of action.

The sureties filed a separate answer to the complaint. The appellant filed a demurrer to the second paragraph of said answer, which was overruled, and the ruling is assigned as error.

By this paragraph the sureties admit the execution of the bond by John R. East as principal and the other appellees as sureties, and aver that on the 25th day of October, 1887, said John R. East and the appellant terminated the contract for which said bond was given; that the bond sued on in this action was executed on the 7th day of March, 1887, to secure the contract sued on in this action; that said contract continued in force until October 25th, 1887, when the appellant and said John R. East had a full settlement of the business of said agency mentioned in the complaint, and it was then and there agreed between them, without the knowledge or consent of these defendants, the sureties, or any of them, that said East would release all his interest in the renewals of the said agency, and turn over to said appellant as security a certain note and mortgage on lot 342 in the city of Bloomington, Indiana; also release the said appellant from further liability on the contract herein, and that said East should continue to act as such agent for said appellant at a salary

of $100 per month, and the said East to execute a new bond
for the performance of the new contract; that at the time of
said settlement, in consideration of the foregoing facts, the
said appellant then and there agreed to release all of these
defendants from further liability on the bond sued on in this
action, and agreed to surrender and cancel said bond on the
25th day of December, 1887, and did turn over to him said
note and mortgage; that, in pursuance of said contract, the
said John R. East did work for said plaintiff until the 15th
day of December, 1887; that at the time of said settlement
the said East was charged with a balance of $1,371.70; that
there was due the said East of uncollected commissions on
new business the sum of $700, as well as could then be ascer-
tained, which was to be credited on said sum charged against
him; that the note and mortgage amounted to the sum of
$800, all of which was accepted and done in full discharge
of the bond in suit.

The consideration pleaded for the release of the bond in
this paragraph consists of four elements, as follows: 1st.
East was to release all his interest in the renewals of the
said agency. 2d. East was to turn over to the appellant as
security a certain note and mortgage on lot 342 in the city
of Bloomington, Indiana. 3d. East was to release the said
appellant from further liability on the contract sued on; and,
4th. East was to continue to act as agent at $100 per month.

To make a good answer it was necessary to aver a com-
pliance with these stipulations of the contract, i. e., it was
necessary to aver that East released all his interest in the re-
newals of said agency; that he turned over to the appellant
the note and mortgage on said lot 342; that he released the
appellant from all further liability on the contract sued on,
and that he continued to work for the plaintiff at $100 per
month, or that he offered and was ready and willing to do
these things.

It is impossible to tell from the language of the answer as
copied into the record what it was intended to aver. It does

not aver with any certainty that East did any of these things except that he acted as agent, at $100 per month for a time. The answer is uncertain, defective, and bad; the demurrer should have been sustained to it.

Objection is made to the third paragraph of the separate answer of appellee John R. East.

This paragraph pleads a good set-off, and there was no error in overruling the demurrer to it, nor do we think there was any error in overruling the demurrer to the fifth paragraph of answer.

There are numerous other questions presented which arise on the motion for a new trial, but they may not arise on a re-trial of the cause.

For the error in overruling the demurrer to the first paragraph of cross-complaint, and the demurrer to the second paragraph of the answer of the sureties the judgment must be reversed.

Judgment reversed, at costs of the appellees, with instructions to proceed in accordance with this opinion.

Filed Feb. 25, 1891.